# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> **Plaintiff** <br> v. <br> **FRANCISCA GUISAR TORRES,** <br> **Defendant** | CASE NO. 1:15-CR-0288-AWI-SKO-4 <br><br> **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** <br><br> (Doc. No. 522, 542) |

Defendant Francisca Guisar Torres brings a motion to modify her prison sentence under 18 U.S.C. § 3582(c). For the reasons that follow, the Court will deny the motion.

## BACKGROUND

On July 24, 2017, Guisar Torres pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C). Doc. Nos. 259, 281. On April 16, 2018, Guisar Torres was sentenced to 36 months in the custody of the federal Bureau of Prisons ("BOP"), a 36-month term of supervised release, and a $100 special assessment. Doc. Nos. 381, 383. Guisar Torres is currently serving her prison sentence at Aliceville FCI in Alabama, with a projected release date of September 13, 2021, after application of Good Conduct Time. Doc. No. 560-1 at 2.[1]

On September 8, 2020, Guisar Torres filed a *pro se* motion seeking compassionate release, as well as a *pro se* motion to appoint counsel. Doc. Nos. 522, 523. An order appointing a federal

---

[1] All page citations to documents filed with the Court electronically are to page numbers in the CM/ECF stamp at the top of each page.

defender to represent Guisar Torres in connection with her compassionate release motion was issued on November 9, 2020. Doc. No. 532. On November 9, 2020, counsel for Guisar Torres sent an email requesting compassionate release to the email address ALI-ExecAssistant@bop.gov without specifying the intended recipient. Doc. No. 542-1 at 2. The parties agree that more than 30 days passed without a response. See Doc. No. 542-3 ¶ 5; Doc. No. 560 at 4:5-8. On January 5, 2021, Guisar Torres filed an amended motion for compassionate release through her counsel. Doc. No. 542. The United States filed an opposition on February 5, 2021, Doc. No. 560, and Guisar Torres filed a reply on February 16, 2021. Doc. No. 562.

## **LEGAL FRAMEWORK**

A court may generally "not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); Dillon v. United States, 560 U.S. 817, 819 (2010). Courts may grant compassionate release, however, for "extraordinary and compelling reasons." United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020).

The statutory basis for compassionate release is set forth in 18 U.S.C. § 3582(c). Prior to 2018, 18 U.S.C. § 3582(c) allowed only for motions brought by the Director of BOP on behalf of prisoners, but the First Step Act of 2018 ("FSA") amended 18 U.S.C. § 3582(c)(1)(A) to allow prisoners to bring their own motions for compassionate release in district court, following exhaustion of administrative remedies. United States v. Sheldon, 2021 WL 276691, at *1 n.2 (D. Idaho Jan. 27, 2021); Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

18 U.S.C. § 3582(c)(1)(A)(i) now provides:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 U.S.C. § 3553(a)] to

> the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction ...
>
> and that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission ….

18 U.S.C. § 3582(c)(1)(A)(i).

Prior to enactment of the FSA, the United States Sentencing Commission ("Sentencing Commission") issued a policy statement—U.S.S.G. § 1B1.13— "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13; see United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020). In addition to providing a "catch-all" provision, the Application Notes for § 1B1.13 specifically state that the "extraordinary and compelling" standard in 18 U.S.C. § 3582(c)(1)(A)(i) can be satisfied based on the medical condition, age or family circumstances of a defendant. U.S.S.G. § 1B1.13.[2] As to medical condition, the "extraordinary and compelling" standard is satisfied where a defendant suffers from a terminal illness or other serious condition that "substantially diminishes" the defendant's ability "to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Id., cmt. n. 1(A). As to age, the "extraordinary and compelling" standard is satisfied where a defendant "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Id.,

---

[2] Policy Statement § 1B1.13 was issued in 2006 and last amended on November 1, 2018. U.S.S.G. § 1B1.13. The Ninth Circuit has not addressed the issue, but because the FSA was enacted after the November 1, 2018 amendment to § 1B1.13, several federal courts of appeals have held that § 1B1.13 is not binding on district courts. See United States v. Brooker, 976 F.3d 228, 230, 235–37 (2d Cir. 2020); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020); United States v. Jones, 980 F.3d 1098, 1108–12 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020). Even courts that have found § 1B1.13 to be "outdated," however "have held it continues to provide 'helpful guidance' " in deciding sentence modification motions. United States v. Burrill, 445 F. Supp. 3d 22, 24 n.2 (N.D. Cal. 2020) (quoted source omitted); see also, Gunn, 980 F.3d at 1180 ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused. In this way the Commission's analysis can guide discretion without being conclusive."); McCoy, 981 F.3d at 282 n.7. This Court will use § 1B1.13 as guidance and sees no need on this motion to determine whether it is binding. See United States v. Sanders, 2021 WL 78869, at *2 (E.D. Cal. Jan. 6, 2021); see also, United States v. Parker, 461 F. Supp. 3d 966, 980 n.9 (C.D. Cal. 2020); United States v. Soto, 2020 WL 7468751, at *3 (N.D. Cal. Dec. 18, 2020).

.

cmt. n. 1(B). As to family circumstances, the "extraordinary and compelling requirement" is satisfied by the "death or incapacitation of the caregiver of the defendant's minor child" or a situation in which the defendant is the "only available caregiver" for the defendant's incapacitated spouse or registered partner. Id., cmt. n. 1(C).

Before a defendant brings a motion seeking compassionate release in district court, the defendant must "ask the [BOP] to do so on their behalf and give BOP thirty days to respond." Raia, 954 F.3d at 595; see also, United States v. Rodriguez, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019) ("A defendant who has not 'requested compassionate release from the [BOP] or otherwise exhausted his administrative remedies' is not entitled to a reduction of his term of imprisonment."). The failure to exhaust administrative remedies as mandated by 18 U.S.C. § 3582(c)(1)(A) is a jurisdictional failure. See Gallo Cattle Co. v. U.S. Dept. of Agric., 159 F.3d 1194, 1197 (9th Cir. 1998); United States v. Miranda, 2021 WL 826259, at *2 (E.D. Cal. Mar. 4, 2021) (Ishii, J.); United States v. Greenlove, 469 F. Supp. 3d 341, 349 (M.D. Pa. 2020); United States v. Smith, 460 F. Supp. 3d 783, 792 (E.D. Ark. 2020).

"The defendant bears the initial burden to put forward evidence that establishes an entitlement to a sentence reduction," United States v. Greenhut, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing United States v. Sprague, 135 F.3d 1301, 1306-07 (9th Cir. 1998)), and to show that the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) has been satisfied. See United States v. Addison, 2020 WL 4601637, at *2 (E.D. La. Aug. 11, 2020) (and cases cited therein); Miranda, 2021 WL 826259 at *3.

**DISCUSSION**

Upon review, the Court will deny Guisar Torres's motion for lack of jurisdiction and, in the alternative, for failure to show "extraordinary and compelling" reasons for compassionate release.

**I.      Exhaustion of Administrative Remedies**

As set forth above, this motion was filed on September 8, 2020 and amended, through appointed counsel, on January 5, 2021. Doc. Nos. 522, 542. There is no indication on the record that any steps were taken to satisfy § 3582(c)(1)(A)'s administrative exhaustion requirements prior

4

to September 8, 2020. Further, the September 8, 2020 motion was not withdrawn, so the Court sees no basis for viewing the January 5, 2021 filing as anything other than an amendment to the September 8, 2020 motion. Thus, the Court did not have jurisdiction over this motion when it was filed on September 8, 2020 and is without power to grant the relief Guisar Torres is seeking. See Shaw v. Bank of Am. Corp., 946 F.3d 533, 541 (9th Cir. 2019) (stating that "subject matter jurisdiction must exist as of the time the action is commenced … especially in the context of administrative exhaustion' and that "administrative exhaustion is often called a 'jurisdictional prerequisite' " (citations and some internal punctuation omitted)); see also, United States v. Martinez, 2020 WL 5603718, at *5 (E.D. Cal. Sept. 17, 2020) (Ishii, J.).

Further, Guisar Torres's November 9, 2020 email requesting compassionate release is not directed to anyone in particular, makes no mention of the warden, and was sent to a generic FCI Aliceville email address (ALI-ExecAssistant@bop.gov) with no clear connection to the warden. That is not sufficient for the Court to conclude that the warden received the request, let alone draw any conclusions as to when the request might have been received by the warden. See 18 U.S.C. § 3582(c)(1)(A) (requiring "receipt of [] a request by the warden of the defendant's facility"). Under her theory of exhaustion, Guisar Torres must show that the FCI Aliceville warden received her request for compassionate release at least 30 days before she brought her motion for compassionate release. See Doc. No. 542 at 11:17-12:1. Thus, even if the January 5, 2021 filing could be characterized as a separate motion (as opposed to an amendment to the September 8, 2020 motion), Guisar Torres has not met her burden to show administrative exhaustion before coming to court for compassionate release. See Addison, 2020 WL 4601637 at *2; Miranda, 2021 WL 826259 at *3.

The Court must therefore deny the motion on jurisdictional grounds. See Gallo Cattle, 159 F.3d at 1197 ("statutorily-provided exhaustion requirements deprive the court of jurisdiction").

**II.** **Extraordinary and Compelling Reasons for Compassionate Release**

As to the merits of the motion, Guisar Torres argues that there are "extraordinary and compelling reasons" for compassionate release in her case because she is 61 years old and suffers from multiple medical conditions, including obesity, a degenerative hip condition and varicose

5

veins. Doc. No. 542 at 8:17-9:21, 14:1-7; Doc. No. 522 at 2. She further argues that prison conditions prevent her from engaging in "self-care" through sanitation, hygiene and distancing, and that FCI Aliceville is unable to provide effective treatment if she contracts COVID-19. Doc. No. 542 at 15:6-19:2; Doc. No. 522 at 17-18. Finally, she argues that only she can provide care for her disabled adult son. Doc. No. 542 at 19:21-20:18.

The Court recognizes that age and obesity can increase COVID-19 risk. At 61 years of age and with a BMI of somewhere between 27.2 and 32.5, see Doc. No. 562 at 4:3-16, however, Guisar Torres has not shown she is at the high end of the risk spectrum as to either age or weight. See Ctrs. For Disease Control & Prevention, *COVID-19, Medical Conditions* (April 30, 2021) (stating that "[m]ore than 80% of COVID-19 deaths occur in people over age 65"; also stating that the "obesity" classification starts at a BMI of 30, that the "severe obesity" classification starts at a BMI of 40 and that persons with a BMI of less than 30 are merely "overweight") (available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html). Similarly, Guisar Torres fails to show a meaningful connection between COVID-19 risk and the other medical conditions referenced in her briefing. See Doc. No. 562 at 4 n.3.

In addition, the Court notes that there are currently no cases of COVID-19 at FCI Aliceville and that, to date, there have been no deaths from COVID-19 in that facility. See https://www.bop.gov/coronavirus/ (last checked April 30, 2021). The Court declines to find "extraordinary and compelling" reasons for release based on the mere possibility of a future COVID-19 outbreak at FCI Aliceville, see Raia, 954 F.3d at 597 (the "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison cannot independently justify compassionate release …"), and the absence of current infections combined with FCI Aliceville's 100% survival rate decisively contradict Guisar Torres's contention that FCI Aliceville is incapable of managing risks associated with COVID-19 effectively. Finally, the Court is sympathetic to circumstances involving Guisar Torres's son, but the record shows that he is an adult and that there are other family members in the vicinity to assist with his care during the period of approximately six months remaining in Guisar Torres's sentence. See U.S.S.G. §

1B1.13, cmt. n. 1(C); Doc. No. 542 at 19:21-24:13.

In sum, the Court will deny the motion on the alternative grounds that Guisar Torres has not carried her burden to show "extraordinary and compelling" reasons for compassionate release. See Greenhut, 2020 WL 509385 at *1.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant Francisca Guisar Torres's motion for compassionate release (Doc. Nos. 522 and 542) is DENIED.

IT IS SO ORDERED.

Dated: May 3, 2021

_____
SENIOR DISTRICT JUDGE